STATE and the Several Property Owners and Taxpayers of LITTLE RIVER VALLEY DRAINAGE DISTRICT IN DADE COUNTY, FLORIDA, a Public Corporation, Including the Non-residents of Said District Owning Property or Subject to the Taxation Therein, v. LITTLE RIVER VALLEY DRAINAGE DISTRICT, IN DADE COUNTY, a Public Corporation.

192 So. 404
Division A
Opinion Filed December 1, 1939

816

*G. A. Worley,* for Appellants;

*Giles J. Patterson,* for Appellee.

TERRELL, C. J.—Appellee filed its petition in the Circuit Court to validate an issue of refunding bonds. The State Attorney answered on behalf of the State. Testimony was taken and on final hearing, the court entered a decree validating the refunding bonds The State appealed.

It appears that in 1937, appellee was granted a loan by the Reconstruction Finance Corporation with which to liquidate its outstanding indebtedness. A portion of the loan was restored but there remains a balance due. The refunding bonds being validated are for the purpose of paying the balance of this indebtedness. Four questions are posed but all flow from different provisions of Section 7 of the resolution authorizing the refunding bonds and whether or not the resolution accords with Chapter 13627, Acts of 1929, the validity of the district is not assaulted.

The first question urged is whether or not in view of the pertinent part of Chapter 13627, Acts of 1929, the Board of Supervisors of appellee should continue to levy annual installments of the original total tax or should it levy a new total tax as provided by Chapter 6458, Acts of 1913, to pay interest and retire the refunding bonds?

Chapter 6458 is the law under which drainage districts such as appellee are created and Chapter 13627 is the law under which they issue refunding bonds. Chapter 6458, among other things, provides that when bonds are issued by the district a sufficient amount of the drainage tax shall be appropriated by the board of supervisors for the purpose of paying the principal and interest of the bonds. The Act further provides that the board of supervisors shall each year determine, order, and levy an amount sufficient to pay

principal and interest on bonds together with other expenses including 10 per cent of the total amount for emergencies.

Chapter 13627 in effect provides that unless and until refunding bonds have been authorized, the board of supervisors shall continue the levy of annual taxes sufficient to pay the outstanding bonds as they fall due. When refunding bonds are issued, the collection of corresponding installments of taxes shall be deferred and it shall be the duty of the board of supervisors to make proper provision for the payment of the principal and interest of the refunding bonds in like manner as was required in the case of original bonds by the law under which the district was incorporated.

In view of these and other provisions of the statute bearing on the matter of issuing refunding bonds, we think the board of supervisors should continue to levy annual installments of the original total tax imposed by Section 18 of Chapter 6458, the amount of each installment to be determined annually by the board of supervisors and to be in such an amount as will meet the current obligations of the district including principal and interest on refunding bonds.

The second question may be stated as follows: May Appellee legally obligate itself to create a reserve fund in the manner provided in Section 7 of the resolution authorizing the refunding bonds?

Section 18 of Chapter 6458 providing the amount of the annual installment tax vests in the board of supervisors a liberal discretion in the matter of preserving the well-being and interest of the district. If based on their experience, the necessities of the district will be best served and protected by the creation of a reserve fund they may exercise their discretion in the affirmative so long as reasonably done.

In the event the proceeds of the total tax or the installments thereof should be insufficient to pay the principal and interest of the refunding bonds, can the district obligate itself to levy additional taxes for this purpose?

Section 7 of the refunding resolution obligated the district to impose additional taxes in the event the original levies prove insufficient to meet current obligations, and we think Section 41 of Chapter 6458 was ample warrant for the obligation so undertaken. It appears further that this question was answered in the affirmative by this Court in Halifax Drainage District of Volusia County v. State, et al., 134 Fla. 471, 185 So. 123.

The concluding question is whether or not the district can provide for the issuance of refunding bonds without having given the taxpayers an opportunity to pay the portion levied against their lands for principal of the bonds as provided by Chapter 13627, Acts of 1929.

Chapter 13627 gives the taxpayer the opportunity to pay in advance the full amount of uncollected principal or assessment chargeable to his lands for the payment of his bonds. The resolution for the issuance of the refunding bonds contains no provisions for such payment and the record discloses that no taxpayer offered to take advantage of this provision of the law.

The statute does not require that notice be given the taxpayer of such privilege and since it merely gives him a right to pay in advance, not having offered to exercise the right, he cannot now complain. The statute further provides that the property owners shall remain liable, subject to the limitations prescribed in the law under which the original bonds were issued. The liability of the lands became fixed when the drainage tax record was filed and the bands were issued. Every parcel of land became bound

820

when this was done and those who did not take advantage of the provisions of the law cannot now do so without the consent of the bondholder. The refunding bonds being nothing more than an extension of the original bonds, so long as this and nothing more is attempted, no one can complain.

The judgment appealed from is affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.